The Honorable Michael Davis State Representative 15232 Highway 90 West Ravenden Springs, Arkansas 72460
Dear Representative Davis:
This is in response to your request for an opinion on two questions concerning the employment of a teacher. Specifically, you state the following:
 I have been made aware of a situation whereby a certified employee (teacher) of a school district signed a contract instrument in April of 1995 for services to be rendered during the 1995-96 school year. Around the middle of May, 1995, said employee sent a letter to the affected district requesting to be released from the signed contract. The district, I am told, denied the request. Then, on May 24, 1995, the district received a certified letter of resignation from the employee. In the meantime, according to official minutes, the school board of a neighboring district, upon the recommendation of the superintendent, took action to employ the teacher at its May 22, 1995 board meeting. Early in June, said employee signed a contract instrument for services to be rendered during the 1995-96 school year at the neighboring district.
You state in your request that you are aware that A.C.A. § 6-17-1506
allows a teacher to resign any time within ten days after the end of the school year by delivering or mailing by registered mail her intention to the board of directors. You pose the following questions in this regard:
 1. Does the `ten-day-out privilege' as described in A.C.A. § 6-17-1506
apply to situations whereby a new contract for the upcoming school year has already been signed by the employee?
 2. Under what circumstances can A.C.A. § 6-17-304, pertaining to the liability of a district hiring a teacher that the district `knows, or should have known, is contractually obligated to another school district' become an effective source of relief for an aggrieved school district?
It is my opinion that the answer to your first question is "no," and that the answer to your second question would have to be answered on a case-by-case basis by the Department of Education and/or the State Board of Education. I cannot set out any hard and fast rules about when a petition under that statute would succeed.
Your first question refers to A.C.A. § 6-17-1506 and a "ten-day-out privilege" stated therein. I should first clarify, that in my opinion, this statute was not passed primarily for the purpose of giving teachers any "ten-day-out privilege" from their contracts. It was passed, rather, in my opinion, to give teachers the right to automatic renewal of their contracts on May 1, on the same terms and conditions, unless one of several things occurs, i.e. unless: 1) the teacher gets written notice that her contract is not going to be renewed; or 2) the teacher resigns during the period of the current contract or within ten days after the end of the school year; or 3) the contract is superseded by another contract between the parties. Presumably, this statute would give a teacher whose contract was automatically renewed on May 1 the right to resign as long as she did so either during her existing contract period or within ten days of the end of the school year, even if the date of resignation was after May 1. Her contract in such case would not be deemed automatically renewed even though she resigned after May 1. This is presumably what you are referring to as the "ten-day-out privilege." It is my opinion, however, that this "ten-day-out privilege" only applies in the case of an automatic renewal. The statute is drafted so that the "ten-day-out resignation privilege" is an exception to automatic renewal. A teacher can resign under this provision and prevent an automatic renewal of her contract. In my opinion this is the only effect of the statute in this regard. The statute does not speak to the right of resignation after a new superseding contract has been signed by the teacher prior to May 1. In my opinion therefore, it grants no rights in that regard.
In the factual scenario you have described, there was no automatic renewal of the contract. The district and the teacher signed a new, superseding contract prior to May 1. This prevented automatic renewal under the last clause of A.C.A. § 6-17-1506 (a) (the exception for a superseding contract). The fact that the teacher may have later resigned within the existing contract period or within ten days of the end of the school year, under A.C.A. § 6-17-1506, does not, in my opinion, grant the teacher an "out" in this situation. The relevant statute is only concerned with such resignations as they operate to prevent an automatic renewal, which did not occur in this case. It is therefore my opinion that the answer to your first question is "no."
Your second question concerns A.C.A. § 6-17-304, which provides as follows:
 (a) Any school district which employs a teacher or administrator which the school district knows, or should have known, is contractually obligated to another school district shall be liable to the other school district for an amount of money equal to the salary in the violated contract exclusive of fringe benefits.
 (b) Either school district may petition the Department of Education to satisfy the liability by transferring such amount to the entitled school district from funds which the department would have distributed to the liable school district.
 (c) Upon receipt of such a petition, the department shall determine the amount of the liability and satisfy the same by such transfer.
 (d) If a substantial question arises as to the existence of a contract, the state board may decline to assess the penalty.
Presumably this statute gives the Department of Education and the State Board of Education some discretion in finding whether the facts of a particular case show that a school district knew or "should have known" that the teacher was under contract to another school district.[1]
There also appears to be some fact-finding discretion given to the Board of Education to determine whether a contract existed with the petitioning school district. The sufficiency of the proof which must support these points is apparently to be determined by the Department and the State Board of Education on a case-by-case basis. In response to your second question therefore, if these two points are proven to the satisfaction of the Department and the Board, the statute should be an effective source of relief for an aggrieved district.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The statute does not refer to any judicial remedies or right to appeal the decision of the Department, but I assume that an aggrieved school district would not be prohibited by this statute from pursuing otherwise available judicial remedies.